**Case No. 13-56099**

---

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

### KAASS LAW

**Appellant,**

**v.**

### WELLS FARGO BANK N.A.

**Appellee.**

---

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

---

### APPELLANT'S REPLY BRIEF

---

Armen Kiramijyan, Esq. (State Bar No. 276723)
Vahag Matevosian, Esq. (State Bar No. 283710)
Email: consumerlitigationteam@kaass.com
KAASS LAW
313 East Broadway, #944
Glendale, California 91209
Telephone: 310.943.1171
Attorneys for Appellant KAASS LAW

# **TABLE OF CONTENTS**

**Page**

**I.**   INTRODUCTION                                              1

**II.**  ARGUMENT                                                  1

    **A.** THERE IS AMPLE RECORD BEFORE THIS              1
       COURT TO SHOW ERROR

    **B.** THE DISTRICT COURT ABUSED ITS DISCRETION        3
       BY IMPOSING SANCTIONS AGAINST KAASS
       BECAUSE THE LAW DOES NOT PERMIT
       IMPOSITION OF SANCTIONS AND THE FACTS
       DO NOT ESTABLISH SANCTIONABLE CONDUCT
       UNDER 28 U.S.C. § 1927

    **C.** THE ISSUES THAT WELLS FARGO BRANDS AS         12
       "NEW" EITHER ARE NOT NEW OR WERE NOT
       ISSUES BELOW AND ONLY BECAME ISSUES AS
       A RESULT OF THE DISTRICT COURT'S ERRONEOUS
       ORDER

    **D.** SANCTIONS AGAINST KAASS WERE IMPROPERLY      16
       SOUGHT AND ERRONEOUSLY AWARDED

    **E.** SECTION 1927 DOES NOT APPLY TO INITIAL        18
       PLEADINGS

    **F.** THE AMOUNT OF THE FEE AWARD IS               20
       IMPROPER

    **G.** THE DISTRICT COURT IMPROPERLY LOOKED         21
       BEYOND KAASS'S CONDUCT AND THE INSTANT
       CASE IN SANCTIONING KAASS

    **H.** THE DISTRICT COURT'S ORDER IMPOSING         23
       SANCTIONS CHILLS ZEALOUS ADVOCACY

**III.** CONCLUSION                                                27

i

## TABLE OF AUTHORITIES

**CASES**                                                                          **Page**

*BDT Products, Inc. v. Lexmark Intern., Inc.*,                                     4
    602 F.3d 742 (6th Cir. 2010)

*Chambers v. Nasco, Inc*. 501 U.S. 32 (1991)                                      16, 17

*Claiborne v. Wisdom*, 414 F.3d 715 (7th Cir. 2005)                               4

*Cunningham v. County of Los Angeles*,                                            4, 7, 16
    879 F.2d 481 (9th Cir. 1988),
    cert. denied, 493 U.S. 1035 (1990)

*Fusion Windows and Doors, Inc. v. American Reliable*                             8
    *Windows, Inc. et al.*, CV13-1022-PSG (JCx)
    C.D. Cal. May 6, 2013).

*Ghazali v. Moran*, 46 F. 3d 52 (9th Cir. 1995)                                   7, 8

*Hrant Petrosyan v. CACH, LLC, et al.*,                                           6
    CV12-8683-GW (JEMx),
    (C.D. Cal. Dec. 13, 2012)

*Hudson v. Moore Business Forms, Inc.*                                            13
    836 F.2d 1156 (9th Cir. 1987)

*In re Keegan Management Co., Securities Litigation*,                             4, 7, 10
    78 F.3d 431 (9th Cir. 1996)

*In Re O'Brien*, 312 F.3d 1135 (9th Cir. 2002)                                    1, 2

*In re Yagman*, 796 F.2d 1165 (9th Cir. 1986),                                    4, 7, 13, 16,
    *as amended*,  803 F.2d 1085 (9th Cir. 1986)                  18,20,21,22

*Kiarash Mohammadi v. Bank of America, N.A., et al.*,                             6
    CV12-8778-PSG-CW (January 16, 2013)

*Lockary v. Kayfetz*, 917 F.2d 1150 (9th Cir. 1990)                               27

*Loya v. Desert Sands Unified School District*,                    10
    721 F.2d 279 (9th Cir. 1983)

*Mone v. Commissioner of Internal Revenue,*                    13
    774 F.2d 570 (2nd Cir. 1985)

*Morongo Band of Mission Indians v. Rose*,                    19
    893 F.2d 1074 (9th Cir. 1990)

*Nevrik Berberyan v. Bank of America N.A., et al.*,                    15
    Case No. 2:12-cv-04431 PSG (MRWx)

*Operating Engineers Pension Trust v. A-C Co.*,                    27
    859 F.2d 1336 (9th Cir. 1988)

*Roadway Express, Inc. v. Piper,* 447 U.S. 752                    16
    100 S.Ct. 2455 (1980)

*Thomas v. Girardi*, 611 F.3d 1027 (9th Cir. 2010)                    10

*United States v. Associated Convalescent Enterprises, Inc.,*                    20
    766 F.2d 1342 (9th Cir. 1985)

*United States v. Blodgett*, 709 F.2d 608 (9th Cir. 1983)                    20

*Wages v. I.R.S.*, 915 F.2d 1230 (9th Cir. 1990)                    11,12

*Woodham v. American Cystoscope Co.*,                    10
    335 F.2d 551 (5th Cir. 1964)

*Zaldivar v. City of Los Angeles,* 780 F.2d 823 (9th Cir.1986)     4, 7, 16, 20

*Zambrano v. City of Tustin*, 885 F.2d 1473 (9th Cir. 1989)     9

**STATUTES AND REGULATIONS**

                                             **Page**

15 U.S.C.
    § 1681n(c)                                               13

28 U.S.C.
    § 1927                                                   *passim*

Cal. Civ. Code.
    § 1785.31(e)                                        14

Fed. R. App. P.
    28                                                          2

Fed. R. Civ. P.
    8(a)                                        5, 6
    9(b)                                          5
    11                                           7, 13, 17
    15                                           8, 19, 25
    26                                           25

Ninth Circuit Rules
    30-1.4                                     2
    30-1.5                                       3
    30-1.7                                       3
    30-1.8                                       3
    30-2(c)                                      3

California Central District Local Rules
    7-3                                         10, 11
    7-12                                       8

## OTHER AUTHORITIES

    Fed. R. Civ. P. 15, Advisory Committee Notes     8
    (West 2009)

# I
# INTRODUCTION

Appellant KAASS LAW ("KAASS") respectfully submits this reply brief to address arguments raised by Appellee Wells Fargo N.A. ("Wells Fargo") in the Appellee's answering brief ("A.B.").

Appellant reasserts and realleges each and every allegation and issues presented in its Opening Brief as if the same were fully set forth herein.

# II
# ARGUMENT

## A.    THERE IS AMPLE RECORD BEFORE THIS COURT TO SHOW ERROR

Wells Fargo contends that KAASS waived any error in the District Court's finding that it acted in bad faith because it did not provide any of the pleadings or evidence on which the District Court relied in reaching its decision. (A.B., 12).

First, the feebleness of Wells Fargo's position is apparent from its desperate attempt to get summary affirmance of the decision below or dismissal of this appeal on a perceived technical deficiency by its hyperbolized argument that KAASS failed to provide sufficient record for this Court to decide the case on its merits.  In support of its argument, Wells Fargo cites *In Re O'Brien*, 312 F.3d 1135 (9th Cir. 2002). (A.B., 12).

In *O'Brien*, this Court dismissed the appeal because the appellant's brief did not contain corporate disclosure statement; an appropriate jurisdictional statement;

appropriate references to the record; an appropriate summary of the argument; and a statement of the applicable standard of review with respect to each issue presented, as required by Federal Rule of Appellate Procedure 28. Moreover, missing from the required excerpts of record were the notice of appeal; a completed docket from the bankruptcy court and the bankruptcy appellate panel; relevant excerpts of the trial transcript; and the ruling appealed from as required under Circuit Rule 30-1.4. Furthermore, many of the documents included in the excerpts were unintelligible, and other documents were so poorly copied as to be incomplete. *In Re O'Brien*, 312 F.3d at 1136-37.

That is clearly not the case here. The Opening Brief filed by KAASS contains all applicable sections, including: an appropriate jurisdictional statement, appropriate summary of the argument and references to the record, and a statement of the applicable standard of review with respect to the issues presented. Moreover, the initial excerpts of record KAASS filed with its Opening Brief include the materials that Circuit Rule 30-1.4 *specifically* identifies as required content in all appeals. Specifically, the excerpts include the notice of appeal, the trial court docket sheet, the judgment order appealed from, and specific exhibits submitted in support of and in opposition to the motion for attorney's fees. (Appellant's E.R. 3-31).

Second, cognizant of the Circuit Rules that warn against overwhelming the

court with redundant or irrelevant materials, KAASS was abundantly cautious in its selection of documents to be included in the excerpts of record.  Circuit Rules 30-1.5; 30-2(c).

Third, opening brief is not the last stage of the appeal, but as the name indicates, it is the first.  As such, even if deficient, excerpts of record filed with the *opening* brief should not result in a summary affirmance or dismissal if such deficiencies are cured by filing supplemental excerpts either by appellee, with its answering brief, or by the appellant, with its reply brief, before it reaches the appellate panel to be decided. Circuit Rules 30-1.7; 30-1.8.

Lastly, Wells Fargo's argument is, at best, incongruous and seemingly self-contradictory.  On one hand, Wells Fargo argues that this Court cannot decide whether the District Court erred in sanctioning KAASS because KAASS did not provide some of the necessary documents.  On the other hand, Wells Fargo states that it has filed supplemental excerpts of record that supply this Court with those documents.  Since this Court is and will be in possession of the documents necessary for and at the time of deciding this appeal, Wells Fargo's argument simply cannot hold.

**B.   THE DISTRICT COURT ABUSED ITS DISCRETION BY IMPOSING SANCTIONS AGAINST KAASS BECAUSE THE LAW DOES NOT PERMIT IMPOSITION OF SANCTIONS AND THE FACTS DO NOT ESTABLISH SANCTIONABLE CONDUCT UNDER 28 U.S.C. § 1927**

1.    Wells Fargo contends that the District Court applied the correct legal

rule in considering its motion for attorney's fees under § 1927. (A.B., 14). Wells Fargo's contention, however, suffers from the "bare assertion fallacy." It merely reiterates the language of § 1927 and the District Court's restatement of the statute and this Court's interpretation of the same, without explaining why § 1927 was the correct legal rule for the District Court to apply in this case. (A.B., 14).

Not only is it well-settled law in this Circuit that initial complaints are beyond the reach of section 1927,[1] but also, sanctions under this section may not be imposed against law firms, such as KAASS.[2] As such, contrary to Wells Fargo's contention, the District Court erred by imposing sanctions against *KAASS* over the *initial complaint*.

2.    Wells Fargo next contends that KAASS cannot establish that the District Court's findings were erroneous because it submitted no admissible evidence in support of its opposition to Wells Fargo's motion for attorney's fees. (A.B., 15).

Wells Fargo wrongly assumes that absent additional evidence in support of its position, KAASS stands no chance of establishing that the District Court's

---

[1] *In re Yagman*, 796 F.2d 1165, 1187 (9th Cir. 1986); *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986); *Cunningham v. County of Los Angeles*, 879 F.2d 481, 491 (9th Cir. 1988), cert. denied, 493 U.S. 1035 (1990); *In re Keegan Management Co., Securities Litigation*, 78 F.3d 431, 435 (9th Cir. 1996).

[2] *Claiborne v. Wisdom*, 414 F.3d 715, 722-23 (7th Cir. 2005); *BDT Products, Inc. v. Lexmark Intern., Inc.*, 602 F.3d 742, 750-51 (6th Cir. 2010).

finding was erroneous. As established below and, more extensively, in the Opening Brief, KAASS provides numerous grounds upon which it established that District Court's finding is erroneous.

Moreover, KAASS did submit additional evidence i.e., copies of Plaintiff's credit reports from the three major credit reporting agencies, showing that Wells Fargo reported each of the two accounts in question in three *different and contradictory* statuses. (Appellant's E.R. 8-13). The fact that the District Court declined to consider this evidence does not mean that the evidence was inadmissible or that KAASS's position entirely depended on this evidence.

The District Court incorrectly refused to see through that it might have been a strategic decision not to include such evidence in the complaint or proposed complaint. The ultimate choice and freedom in including such detailed evidence in the complaint should be reserved in the litigant and not dictated by the District Court. Plaintiff brought the evidence in support of its opposition to Wells Fargo's motion for attorney's fees when it became necessary for KAASS to defend the merits of the case and disprove the allegations that it acted in bad faith. (Docket No. 82, Appellant's E.R. 8-13).

3.     Wells Fargo then contends that KAASS failed to plead specific allegations or differentiate between defendants, and that making generic allegations against multiple defendants runs afoul of Rules 9(b) and 8(a) of Fed. R.

Civ. P. (A.B., 15-16). The heightened pleading standard of Rule 9(b), however, is inapplicable here as it only applies to allegations of fraud or mistake. As far as Rule 8(a) minimal notice pleading standard is concerned, the Complaint more than satisfied it as to enable Wells Fargo to have fair notice of Plaintiff's claims and the grounds upon which it rests. Plaintiff, *inter alia*, identified the accounts in question associated with Wells Fargo, the dates of her dispute with the credit reporting agencies, and the dates of the communications Plaintiff sent to Wells Fargo regarding her dispute of the accounts in question. (2 Supp. E.R. 8-10).

Moreover, several courts in Central District found similar pleadings involving similar claims against multiple defendants, filed and litigated by KAASS, to be sufficient in differentiating among the defendants in satisfaction of Rule 8(a) standard.[3]

Not only Wells Fargo fails to offer an explanation why the District Court was right to hold KAASS to such heightened pleading standard, it similarly offered

---

[3]*Kiarash Mohammadi v. Bank of America, N.A., et al.*, CV12-8778-PSG-CW (January 16, 2013) (denying defendant's motion to dismiss on the grounds that plaintiff fails to differentiate among defendants because plaintiff specified that he mailed dispute letters to defendants, detailed unique allegations, and differentiated among defendants where appropriate); *Hrant Petrosyan v. CACH, LLC, et al.*, CV12-8683-GW (JEMx), (C.D. Cal. Dec. 13, 2012) (holding that plaintiff properly differentiated between defendants because he identified the account associated with each particular defendant, asserted that he submitted written disputes to credit reporting agencies about each account and mailed letters to each defendant.).

no explanation how perceived deficiencies in Plaintiff's *initial* complaint rise to the level of vexatious *multiplication*, as to constitute sanctionable conduct under § 1927.[4]

    4.    Wells Fargo further contends that KAASS's failure to oppose Wells Fargo's motion to dismiss was also a proper factor for the District Court to consider in deciding whether KAASS acted in bad faith. Wells Fargo adds that failure to oppose a motion may be treated as consent to the granting of the motion. In support of this contention, Wells Fargo cites to *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). (A.B., 16).

    In *Ghazali*, the Nevada District Court dismissed plaintiff's action pursuant to its local rule, which provides that "[t]he failure of the opposing party to file a memorandum of points and authorities in opposition to any motion *shall* constitute a consent to the granting of the motion[,]" because plaintiff failed to file an opposition in response to defendant's motion to dismiss. *Id.* at 53 (emphasis

---

[4]*In re Yagman,* 796 F.2d at 1187 (reversing sanctions award, in part, because "Section 1927 does not apply to initial pleadings, since it addresses only the multiplication of proceedings."); *Zaldivar*, 780 F.2d at 831 (Section 1927 "is burdened with several limitations," among them that "the *multiplication* of proceedings is punished, thus placing *initial* pleadings beyond its reach" (emphasis in original)); *see also Cunningham*, 879 F.2d at 491 (distinguishing between Rule 11, applicable to initial signing of a pleading, motion or other paper, and Section 1927, applicable to subsequent conduct). *In re Keegan Management Co.,* 78 F.3d at 435 ("The filing of a complaint may be sanctioned pursuant to Rule 11 or a court's inherent power, but it may not be sanctioned pursuant to § 1927.").

added).  In fact, plaintiff, in *Ghazali,* failed to take *any* action in response to defendant's motion to dismiss. *See* generally *Ghazali* 46 F.3d 52.

Unlike the Nevada local rule, the California Central District pertinent court rule is permissive, not mandatory. (Local Rule 7-12).  Moreover, unlike plaintiff in *Ghazali*, who failed to take any action in response to defendant's motion, Plaintiff, here, in response to and instead of opposing Wells Fargo's motion to dismiss, attempted to file an amended complaint as a matter of course in the exercise of her right provided by Federal Rule of Civil Procedure 15.  Fed. R. Civ. P. 15, Advisory Committee Notes (West 2009) ("[j]ust as *amendment was permitted* by former Rule 15(a) *in response to a motion*, so the amended rule permits one amendment as a matter of course in response to a responsive pleading.") (emphasis added). *Fusion Windows and Doors, Inc. v. American Reliable Windows, Inc. et al.*, CV13-1022-PSG (JCx) (C.D. Cal. May 6, 2013).

The fact that Plaintiff did not file the first amended complaint directly but requested for leave, is inconsequential.  Plaintiff's request was well within the time frame permitted by Rule 15 and it was the result of Plaintiff's misapplication of the Rule.[5]  For District Court to conclude that failure to oppose Wells Fargo's motion

---

[5]Wells Fargo filed and served its motion to dismiss Plaintiff's Complaint on October 29, 2012 (Docket No. 30; 2 Supp. E.R. 20-44), giving Plaintiff until November 19, 2012 to amend her Complaint against Wells Fargo once as a matter

to dismiss supports a finding of bad faith is tantamount to denying a civil litigant her right provided by Federal Rules of Civil Procedure.

Moreover, not opposing Wells Fargo's motion to dismiss, which was an alternative to filing amended complaint at least before the opposition due date of November 12, 2012, shows KAASS's good faith and not bad faith.  Had Plaintiff opposed Wells Fargo's motion to dismiss, and then proceeded to file a first amended complaint, Wells Fargo had to file, as a practical matter, a reply brief, only to be rendered unnecessary by Plaintiff's first amended complaint.

After all, it is unclear how Wells Fargo's argument that failure to oppose a motion to dismiss may be treated as consent to grating it establish bad faith on KAASS's part.

5.     Moreover, Wells Fargo contends that KAASS did not meet and confer or inform them about moving to amend the complaint. (A.B., 17).  This Court, however, has repeatedly held that flouting of court rules as a result of mistake, inadvertence or error of judgment does not support a finding of bad faith or warrant sanctions under § 1927.[6]  There is nothing in the record to indicate that

---

of course. Plaintiff filed her motion for leave to amend on October 30, 2012. (Docket No. 32; 2 Supp. E.R. 45-62).

[6]*Zambrano v. City of Tustin*, 885 F.2d 1473, 1480 (9th Cir. 1989). (holding that imposition of financial sanctions for mere negligent violations of the local rules is inconsistent with the intent of Congress or with the restraint required of the federal

KAASS's failure to meet and confer pursuant to Local Rule 7-3 was anything more than an oversight or ordinary negligence on KAASS's part.

Wells Fargo proceeds to make a straw man argument. It misstates that KAASS argued in its Opening Brief that the handling attorney "***did not know*** about the local rules." (A.B., 17) (emphasis added). KAASS never made such a claim. What KAASS said, instead, is that:

> It was [the handling attorney's] inexperience and negligent conduct and not his bad faith that resulted in his failure to meet and confer before filing the motion for leave to amend.
>
> KAASS's failure to meet and confer, at best, is the result of KAASS's and its counsel's inexperience, carelessness, negligence, oversight, or inadvertence which are not enough to warrant sanctions under Section 1927. *Thomas v. Girardi*, 611 F.3d at 1060-1061.

(A.O.B, 33-34).

Wells Fargo covertly replaces this statement with a misstatement that KAASS claims it "did not know about the local rules." (A.B., 17) Then, Wells Fargo attempts to defeat this misstatement by arguing that KAASS knew about the meet and confer requirement at the time it filed the motion for leave to amend. (A.B. 17).

---

courts in sanction cases); *Loya v. Desert Sands Unified School District*, 721 F.2d 279, 281 (9th Cir. 1983); *Thomas v. Girardi*, 611 F.3d 1027, 1060-1061 (9th Cir. 2010); *In re Keegan Management Co.*, 78 F.3d at 436; *see also Woodham v. American Cystoscope Co.*, 335 F.2d 551, 557 (5th Cir. 1964).

It is entirely unclear what Wells Fargo is trying to establish, other than paint KAASS in a bad light, by arguing that KAASS knew about the meet and confer requirement of Local Rule 7-3.  KAASS's knowledge of the local rules is not inconsistent with its negligence, oversight, inadvertence, or mistake not to comply with it.

6.     Furthermore, Wells Fargo contends that KAASS acted with subjective bad faith because the proposed amended complaint was nearly identical to the original, and was just as defective.  In support of its argument, Wells Fargo cites *Wages v. I.R.S.*, 915 F.2d 1230, 1235 (9th Cir. 1990). (A.B., 18).

 In *Wages*, plaintiff sought leave of court to amend her complaint.  The district court specifically advised plaintiff "that amending her complaint would not cure the fundamental defects in her action" due to, *inter alia*, lack of subject matter jurisdiction by virtue of sovereign immunity. *Id*. at 1233.  The court granted defendants' motion to dismiss and entered the dismissal with prejudice. *Id*.

Despite the dismissal of the action *with prejudice*, and against the court's admonition that an amendment would be futile, plaintiff stubbornly filed an amended complaint.  The court struck the amended complaint, and imposed sanctions against plaintiff under § 1927 for unreasonably and vexatiously multiplying the proceedings. *Wages*, 915 F.2d at 1233.

Neither Plaintiff's nor KAASS's conduct in this action rises to the level of

conduct that the plaintiff demonstrated in *Wages*. Unlike *Wages*, Plaintiff, here, made no attempt to file an amended complaint or initiate any proceedings, whatsoever, *after* the District Court denied Plaintiff's motion to amend and dismissed the action against Wells Fargo.

7.     Lastly, defendant argues that considered together, these factors demonstrate that KAASS acted in bad faith. (A.B., 18). Just like the constituent factors individually do not show that KAASS acted in bad faith, similarly, these factors, taken as a whole, fall short of showing the same.

## C. THE ISSUES THAT WELLS FARGO BRANDS AS "NEW" EITHER ARE NOT NEW OR WERE NOT ISSUES BELOW AND ONLY BECAME ISSUES AS A RESULT OF THE DISTRICT COURT'S ERRONEOUS ORDER

Wells Fargo contends that this Court should not consider the arguments raised in KAASS's Opening Brief that were never made below. (A. B., 19). Wells Fargo refers as "new" to the following arguments: 1) that sanctions under section 1927 may not be imposed against law firms, such as KAASS; 2) that initial complaints are beyond the reach of section 1927; 3) that section 1927 provides only for the recovery of excess attorney's fees incurred as a result of misconduct which multiplies proceedings; 4) that the District Court's decision to impose sanctions against KAASS is not limited to the specific circumstances of this case; and 5) that the District Court's order imposing sanctions chills KAASS from advancing innovative claims and defenses.

For Wells Fargo to categorize some of KAASS's arguments "new" on the face of clear evidence to the contrary is beyond comprehension. For example, Wells Fargo urges this Court not to consider KAASS's argument that District Court's order imposing sanctions chills KAASS from advancing innovative claims and defenses because it was "never made below." (A.B., 18, 26). Wells Fargo lies. There is an entire section dedicated just to this argument in Plaintiff's opposition to Wells Fargo's motion for attorney's fees. It takes up almost an entire page and has a bold heading, in case it escaped Wells Fargo's attention.

> **Plaintiff's Counsel Should Not Be Sanctioned Because Defendant's Motion Is Being Brought For The Purpose Of Deterring And Chilling Legitimate Claims Against It.**
>
> Finally, the Defendant's Motion should be denied because Defendant brought these sanctions for the *purpose* of deterring future legitimate claims against it. A key concern for courts in levying sanctions against litigants' attorneys whether under FRCP Rule 11, the courts inherent powers, or 28 U.S.C. § 1927 is "to avoid chilling zealous advocacy." *Hudson v. Moore Business Forms, Inc.* 836 F.2d 1156, 1160 (9th Cir. 1987); *See also In re Yagman*, 803 F.2d 1085 (9th Cir.1986); *Mone* 774 F.2d at 574.
>
> Here, Defendant's sole purpose is to chill fervent advocacy by counsel for plaintiffs in cases such as these by punishing the attorneys for bringing such cases. If Defendant was in fact pursuing reimbursement for costs and attorney's fees, it could have easily done so pursuant to only the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681n(c), the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code §

1785.31(e). The only explanation of Defendant's action is that Defendant has chosen directly to attack Plaintiff's counsel in hopes of deterring other consumers from bringing the same claims and counsel from representing such consumers. In any case, where there is an easy alternative for Defendant to pursue its fees and costs, the court should not grant sanctions so as to avoid deterring zealous advocacy by litigant's attorneys.

(Docket No. 82; 2 Supp. E.R. 297)

Similarly, Wells Fargo urges this Court not to consider KAASS's argument that District Court should not associate KAASS's conduct with that of Arshak Bartoumian and should limit its inquiry to the specific circumstances of this case claiming that this argument was never made below. (A.B., 18, 24-25). Wells Fargo lies again. Similarly, there is an entire section dedicated just to this argument, which states:

**<u>Cases Filed By Other Attorneys In Other Suits is Not Relevant in a Motion for Attorney's Fees In This Case, and the Court should not grant Defendant Attorney's Fees on this Basis</u>**

Aside from Defendant's continuous and baseless characterization of Plaintiff's counsel actions as being in bad faith, Defendant also wishes to direct to the Court's attention to "substantially similar" complaints filed by an attorney who is not and never was part of KAASS Law on behalf of other clients. Motion 11:6-9.

Defendant painstakingly details claims brought by attorney Arshak Bartoumian which were sanctioned by Judges of this district. Id 11:10-17. Defendant desperately tries to draw connections between Mr. Bartoumian and Kaass Law. Defendant's characterization

of Mr. Bartoumian as "Kaass Law's predecessor" is a blatant misrepresentation; Mr. Bartoumian is not and never was an attorney at KAASS law, and the fact that KAASS has taken over some of his cases does not make him KAASS Law's predecessor. Id. 11:6-9.

More specifically, Defendant cites Nevrik Berberyan v. Bank of America N.A., et al., CDCA Case No. 2:12-cv-04431 PSG (MRWx) and correctly states that the court awarded sanctions against Mr. Bartoumian and that KAASS has substituted in as attorneys for the plaintiff in that case. Motion 12: 3-12. However, what Defendant failed to disclose was that it also sought attorney's fees from the Plaintiff in that case and was denied. See (January 23, 2013 Court Order in Nevrik Berberyan v. Bank of America N.A., et al., CDCA Case No. 2:12-cv-04431 PSG (MRWx)).

In any case, Defendant draws no connection or complicity on the part of KAASS Law with Mr. Bartoumian beyond the bare fact that KAASS substituted in as attorneys for plaintiffs in some of his cases. Defendant alleges that KAASS Law "has picked up exactly where Mr. Bartoumian's has left off" but fails to provide any evidence for this allegation. Motion 12:13-14(sic).

Defendant cannot establish bad faith through guilt by non-association. As such, Defendant's motion should be denied.

(Docket No. 82; 2 Supp. E.R. 296-297)

Moreover, a litigant cannot be reasonably expected to anticipate and argue every single *potential* issue that may result from the lower court's *erroneous* order, especially when the law is settled and clear and does not allow for confusion. For example, this Court has repeatedly held that § 1927 does not apply to initial

pleadings and reversed sanctions awards (*In re Yagman,* 796 F.2d at 1187) holding that *initial* pleadings are beyond the reach of § 1927. *Zaldivar*, 780 F.2d at 831. *See also Cunningham,* 879 F.2d at 491.  The District Court, however, failed to follow the mandate of this Court and sanctioned KAASS under § 1927 for filing an initial pleading.

The issues that Wells Fargo brands as "new" and urges this Court not to consider on appeal are either not new or were not issues below to begin with and only became issues as a result of the District Court's erroneous Order.

## D.     SANCTIONS AGAINST KAASS WERE IMPROPERLY SOUGHT AND ERRONEOUSLY AWARDED

Wells Fargo contends that if this Court decides that the initial pleading in this case falls outside the scope of § 1927, it should affirm under the inherent authority. (A.B., 19-20, 22).

Because of their very potency, the Supreme Court has repeatedly admonished the lower courts to exercise "restraint and discretion" in using their inherent powers. *Chambers v. Nasco, Inc*. 501 U.S. 32, 44 (1991). *See also*, *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764, 100 S.Ct. 2455, 2463 (1980) ("Because inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion.").  Courts employ inherent powers to sanction bad faith conduct where there is no rule or statute covering the precise conduct at issue and where a statue or rule otherwise governs but "neither the

statue nor the Rules are up to the task." *Chambers,* 501 U.S. at 46.

Here, the rule covering the precise conduct at issue was Rule 11. Wells Fargo repeatedly argues that the Complaint in this action was one of many "defective," "cookie cutter complaints" that was "part of an organized scheme of meritless serial filings." (A.B., 21). If Wells Fargo was so convinced that the Complaint in this action was defective and meritless, then the proper vehicle for getting disposed of the case and sanctions against Plaintiff was by way of providing a safe harbor notice and filing motion for Rule 11 sanctions.

Sidestepping Rule 11 and getting attorneys' fees under § 1927 accounts for the increased use of § 1927, defeating the purpose of the 1993 revision of Rule 11, which was supposed to remove the chilling effect suffered by litigants engaged in attempting good faith extensions of the law.

Wells Fargo sidestepped Rule 11 and improperly sought sanctions under § 1927. Now, Wells Fargo, recognizing that sanctions under § 1927 were inappropriately requested and erroneously granted, wants to shift gears and asks this Court to affirm the District Court's order under the inherent authority. (A.B., 22). Wells Fargo's request for affirmance under the inherent authority goes against the admonition of the Supreme Court.

## E.     SECTION 1927 DOES NOT APPLY TO INITIAL PLEADINGS

Wells Fargo contends that § 1927 applies to initial pleadings and that an

initial pleading can needlessly duplicate proceedings when it is part of an organized scheme of meritless serial filings. (A.B., 21).

As an initial matter, Wells Fargo assumes, unjustifiably so, that the cases KAASS filed were "meritless." Wells Fargo, however, fails to identify a single case KAASS litigated that was found to be "meritless." Other than the stand-alone sanction in the instant case, out of all the cases that KAASS litigated in the Central District, KAASS was never sanctioned nor had its cases found to be meritless.

Wells Fargo is trying to persuade this Court that a defective *initial* pleading can *multiply* the proceedings in a given action if similar defective pleadings have been previously filed in separate, completely unrelated, actions. (A.B., 22).

This line of reasoning defeats this Court's clear mandate that "[e]ach case must be taken individually and evaluated in light of its own peculiar circumstances." *In re Yagman*, 796 F.2d at 1182. Following Wells Fargo's reasoning to its logical conclusion means that each newly filed action must necessarily be the extension of the previously filed separate, unrelated actions, and can constitute multiplication, warranting sanctions. This reasoning is wrong because it will practically prevent same firm or attorney from filing new lawsuits. Therefore, this case, as any other, should be evaluated in light of its own unique facts and circumstances.

Moreover, Wells Fargo's argument that KAASS's filing of the complaints "initial pleading or not" warrant sanctions conveniently ignores this Court's unequivocal holding that "initial pleadings" are exempt from sanctions under § 1927.[7]

To show multiplication of proceedings and to bring the initial complaint in this action within the reach of § 1927, Wells Fargo puts the focus on the defectiveness of complaints in unrelated actions litigated by KAASS. (A.B., 21-22). Not only Wells Fargo's argument that KAASS's complaints were defective a mere conjecture, unsupported by any evidence, but also fails to account for the fact that complaints are hardly defect-proof. The fact that Congress enacted Federal Rule of Civil Procedure 15, allowing for amendment, and this Court's numerous holdings that amendments be liberally granted[8], speaks of the likelihood and frequency of complaints, especially initial, not being defect-free.

Wells Fargo claims that "KAASS itself agrees that attorney's fees as sanctions are available under 28 U.S.C. § 1927 when an unsuccessful pleading is filed in bad faith." (A. B., 21, Footnote 10). Wells Fargo, however, inappropriately reads the key word "initial" into this statement, trying to mislead this Court.

## F.    THE AMOUNT OF THE FEE AWARD IS IMPROPER

---

[7] See footnote 4.

[8] *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *see also*, *Griggs v. Pace Am. Group, Inc*., 170 F.3d 877, 880 (9th Cir. 1999).

1.    Wells Fargo contends that KAASS waived the issue of the amount of fee award for appeal because it never contested them below. (A.B., 23).

Not challenging the reasonableness of the *hours* allegedly spent by Wells Fargo's attorneys or their hourly *rate* below is not tantamount to KAASS conceding to the *amount of sanctions* sought because it is KAASS's position that it did not act in bad faith to warrant sanctions against it in *any* amount.  On appeal, KAASS contests to the amount of sanctions the District Court awarded against it because the District Court chose to sanction KAASS under § 1927, but did not limit the sanctions to the conduct that allegedly "multiplied" the proceedings.

"[S]ection 1927 provides for the recovery of the *excess* attorney's fees incurred as a result of misconduct which multiplies the proceedings." *In re Yagman,* 796 F.2d at 1184.  As such, "a blanket award of all fees cannot square with the section's requirement that only *excess* amounts be allowed." *Id.* (emphasis added); s*ee United States v. Associated Convalescent Enterprises, Inc.,* 766 F.2d 1342, 1347-48 (9th Cir. 1985) ("Section 1927 authorizes the taxing of only excess costs incurred because of an attorney's unreasonable conduct; it does not authorize imposition of sanctions to reimburse a party for the ordinary costs of trial.") *citing United States v. Blodgett*, 709 F.2d 608, 610-11 (9th Cir. 1983); s*ee also Zaldivar*, 780 F.2d at 829-30.

2.    Wells Fargo next contends that KAASS misreads the District Court's

order because the Court did not award Wells Fargo the entire amount of fees it incurred in defending the suit. (A.B., 23).

Although the District Court reduced the amount of attorney fees Wells Fargo sought, it still failed to limit the award to the fees incurred because of KAASS's purported misconduct which allegedly multiplied the proceedings. *In re Yagman,* 796 F.2d at 1184. As such, District Court's blanket award of fees cannot square with the § 1927 requirement that only *excess* amounts be allowed.

3.    Wells Fargo further contends that it was not one specific act that caused Wells Fargo to incur attorney fees, but a variety of omissions that occurred over a course of weeks. (A.B., 23).

As addressed above, Wells Fargo is trying to attribute *all* the ordinary costs associated with litigation of the case to KAASS's alleged misconduct that "multiplied the proceedings." Throwing every expense in the kitchen sink of alleged misconducts that Wells Fargo has created is improper.

## G.    THE DISTRICT COURT IMPROPERLY LOOKED BEYOND KAASS'S CONDUCT AND THE INSTANT CASE IN SANCTIONING KAASS

1.    Wells Fargo contends that the District Court's analysis as to why sanctions were appropriate under § 1927 focused exclusively on KAASS's misconduct in this specific case. (A.B., 24).

To show that KAASS has multiplied judicial proceedings, Wells Fargo

refers to other cases and argues that KAASS repeatedly filed the same defective complaints. (A.B., 21-22). In essence, Wells Fargo looks beyond the instant case to support its claim that KAASS multiplied judicial proceedings, warranting sanctions under § 1927. Yet, in response to KAASS's argument that the District Court also improperly looked beyond KAASS's conduct and the instant case to sanction KAASS, Wells Fargo adamantly argues that the District Court "focused exclusively on KAASS's misconduct in the Manyukyan case." (A.B., 24).

Just like Wells Fargo resorts to other unrelated cases to support its argument for multiplication, so did the District Court in sanctioning KAASS because no sanctionable conduct can be found in the instant case.

2. Wells Fargo further contends that deciding whether KAASS was vexatiously multiplying judicial proceedings in the present case could require the District Court to look beyond this case because there were many identical cases pending in the Central District. (A.B., 25).

Not only the District Court judge had no obligation to take on the job of other district court judges upon its shoulders, but to do so was inappropriate. The District Court apparently was not familiar with the facts and circumstances of other pending cases for they were not before it. As such, contrary to Wells Fargo's argument, it is inappropriate for the District Court to look beyond *Manukyan* to judge *Manukyan*. *In re Yegman,* 796 F.2d at 1182. The fact that no other district

court found the "numerous" cases KAASS litigated to be in bad faith attests to the fact that KAASS did not vexatiously multiply proceedings.

Wells Fargo argues that misconduct in other cases is relevant in determining whether KAASS litigated the present case in subjective bad faith. (A.B., 25). Here, too, Wells Fargo follows its usual practice of making *ipse dixit* assertions and uses such assertions to build its arguments. Before Wells Fargo can argue the relevance of other cases, it must first show "misconduct" by KAASS in other cases. This, Wells Fargo fails to do. In other words, Wells Fargo cannot build its argument on a premise it failed to establish in the first place. As such, this argument should be disregarded.

Moreover, unlike KAASS that cited this Court's decision in *Yegman* for the proposition that "each case must be taken individually and evaluated light of its own peculiar circumstances" (*In re Yegman,* 796 F.2d at 1182), Wells Fargo failed to cite any authority in support of its argument.

## H. THE DISTRICT COURT'S ORDER IMPOSING SANCTIONS CHILLS ZEALOUS ADVOCACY

1. Wells Fargo contends that there is nothing "hard-fought" about how KAASS prosecuted this case because it filed no opposition to defendants' motions to dismiss, regularly failed to communicate with opposing counsel, changed virtually none of the allegations in the proposed amended complaint, and did not file a reply when defendants opposed the motion for leave to amend. (A.B., 26).

Wells Fargo plainly lies when it claims that KAASS "regularly failed to communicate with opposing counsel." Wells Fargo's own statements and records on file prove KAASS had been in communication with the opposing counsel on numerous occasions.

First, Severson & Werson Billing Entries support that KAASS communicated with Wells Fargo's counsel on October 15, 2012, regarding Wells Fargo's intent to file a motion to dismiss the Complaint; on October 17, 2012, regarding Wells Fargo's request for extension to file a responsive pleading to Plaintiff's Complaint; on March 29, 2013, and again on April 1, 2013, regarding Wells Fargo's intent to file a motion for attorney's fees. (Appellant's E.R. 3-7).

Second, Wells Fargo has acknowledged in the motions it filed in District Court that it has met and conferred with plaintiff's counsel. (2 Supp. E.R. 27-28; 2 Supp. E.R. 73-74). Motions filed by other defendants in this action also attest to communications between KAASS and opposing counsel. Wells Fargo admits to these various communications (i.e., Docket No. 12, 26, 30) in its very answering brief. (A.B. 17).

Third, on October 18, 2012- the last day Wells Fargo's response was due-KAASS signed a stipulation for extension for Wells Fargo to have additional eleven days to respond to the Complaint. (Docket No. 5, Appellant's Supp. E.R. 22-23).

Fourth, KAASS responded to emails received from defendants' counsel and participated in the preparation of Rule 26 report. (Docket No. 53, Appellant's Supp. ER 1-19).

None of these would be possible to accomplish had KAASS "failed to communicate with opposing counsel." (A.B., 26).

Moreover, as explained above, and more extensively in the Opening Brief, Plaintiff, in response to and instead of opposing Wells Fargo's motion to dismiss, decided to file an amended complaint as a matter of course in the exercise of her right provided by Fed. R. Civ. P. 15.  Taking this alternative route to filing an opposition to the motions to dismiss does not in any way prove lack of "hard-fought" lawyering on KAASS's part.

Furthermore, not filing an *optional* reply to defendants' oppositions to motion for leave to amend similarly fails to support Wells Fargo's contention that KAASS's prosecution was anything short of "hard-fought."

Lastly, whether or not the proposed first amended complaint made significant changes over the original complaint is inapposite.  Amendment may be sought for the sole purpose of making a single correction in a complaint or to introduce an entirely new complaint.

Here, as discussed in the Opening Brief, KAASS sought amendment to correct what it believed to be potential errors.  For example, KAASS, after

realizing that the allegations necessary to establish willfulness or negligence under the CCRAA claim may be deficient, added paragraphs 40 and 45 to the proposed first amended complaint. (Docket No. 32: 2 Supp. E.R. 57-58). Similarly, to establish malice necessary to maintain the defamation claim, KAASS added paragraphs 70-72 to the proposed first amended complaint. (Docket No. 32: 2 Supp. E.R. 60-61).

2.     Wells Fargo further contends that there is nothing "innovative" about how KAASS prosecuted this case because KAASS was not pursuing novel claims. (A.B., 26).

Wells Fargo tries to oversimplify a rather nuanced concept of innovativeness. Innovative advocacy should not be limited to the complaint. It can start with a simple claim or fact in the complaint and sip through and in between the different layers of the litigation. Moreover, similarity of complaints when filed by the same firm does not negate innovativeness.

In sum, the District Court's finding of bad faith and award of sanctions under § 1927 are embedded in a mere negligent violation of a local rule, perceived deficiencies in the *initial* complaint, and KAASS's request to amend the *initial* complaint in response to and instead of opposing defendants' motions to dismiss the complaint. None of these, however, defines the action to be clearly frivolous, legally unreasonable or without legal foundation, or having been brought for an

improper purpose. *Lockary v. Kayfetz*, 917 F.2d 1150, 1172 (9th Cir. 1990) *citing*

*Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir.

1988).

## III

## <u>CONCLUSION</u>

For the foregoing reasons, Appellant KAASS LAW requests that this Court

reverse the District Court's award of attorneys' fees as sanctions under 28 U.S.C.

§ 1927.

DATED: March 20, 2014                         **KAASS LAW**

                                              By: */s/  Vahag Matevosian*
                                              Vahag Matevosian
                                              Attorney for Appellant KAASS LAW

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS PURSUANT TO FED. R. APP. P. 32(a)(7)(C)

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because: this brief contains 6,314 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because: this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point Times New Roman font type.

DATED: March 20, 2014                    KAASS LAW

By: */s/ Vahag Matevosian*
Vahag Matevosian
Attorney for Appellant KAASS LAW

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on March 20, 2014.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

KAASS LAW

By: /s/ Vahag Matevosian
Vahag Matevosian
Attorney for Appellant KAASS LAW